HENRY BAUMHOVER V. M. L. GREGORY, *et al.*, Defendants, THE FROST MANUFACTURING COMPANY, Appellant.

MECHANIC'S LIEN DENIED—*Evidence.*

*Appeal from Montgomery District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, APRIL 8, 1897.

ACTION in equity to foreclose a mortgage upon real estate. The Frost Manufacturing Company, by answer and cross-petition, claim to

(733)

have a mechanic's lien upon the mortgaged property, which claim the plaintiff denies.

The issues and facts appear in the opinion.

Decree was rendered dismissing said cross-petition and from this decree the defendant company appeals.

*Smith McPherson* and *T. J. Hysham* for appellant.

*J. M. Junkin* for appellee.

GIVEN, J.—I. The property in question is a small tract of land with a grist mill thereon. On the twenty-ninth day of June, 1892, the plaintiff conveyed said property to the defendant, W. F. Dutton, and took the mortgage sued upon to secure payment of part of the purchase price. On the same day, Dutton executed another mortgage on said property to one Theodore Bauer, which mortgage is now owned by the defendant Paul Traut.

Prior to, and for some time after these transactions, said mill was operated by water power.

In January, 1893, the appellant furnished to Dutton, an engine, boiler, pump, and other appliances, necessary to run said mill by steam, to the value of one thousand, nine hundred and forty dollars and forty-two cents. An addition was erected to the mill, against the south side, in which to place this machinery, and it was placed therein, in the usual manner of setting such machinery, and connected with the gearing of the mill.

On the fifth day of May, 1893, appellant filed its statement for a mechanic's lien, and it is upon this statement that the lien is now claimed.

Appellees contend that the statement is illegal, and of no effect, for the reason that collateral security was taken for the purchase price of said machinery.

The facts concerning the purchase, as shown by the statement, and necessary to be noticed, are as follows:

On January 3, 1893, appellant submitted to Mr. Dutton, two pro posals, on printed blanks, for furnishing this machinery, one (Exhibit A) for furnishing a boiler, water heater, pump, etc., and the other (Exhibit B), for furnishing an engine.

The blanks in these proposals were filled in, the whole showing full details as to machinery to be furnished and in each reference is made to "supplement attached" for "price when delivered."

The supplement attached is as follows:

Date, January 4, 1893.

*To the Frost Manufacturing Company, Galesburg, Ill.:*

Ship to W. F. Dutton,          Place, Red Oak, Iowa.
Via. C., B. & Q. R. R.          Terms, see below.

This order is not revocable, but is subject to the approval of the parties to whom it is addressed, who will acknowledge its receipt and

approval. All our goods are shipped owner's risk released, unless ordered otherwise. No agreements of salesmen or agents recognized unless specified in this order.

Engine, boiler, heater, and pump, with fittings as per attached detail. Price F. O. B., Galesburg, Ill., eighteen hundred and fifty-six dollars. Five hundred dollars on receipt of machinery, balance in two payments—September 1, 1893. and January 1, 1894, at eight per cent. Security on machinery and insurance in our favor in amount deferred payments.

Accepted. (Signed) W. F. DUTTON.

The proposal Exhibit A contains in print a paragraph as follows: "The title in this machinery to invest in you only on full compliance with the above terms and conditions." The proposal Exhibit B, contains this paragraph in print:

"It is agreed that the engine, etc., above specified shall remain our property until fully paid for in cash. There are no understandings or agreements outside of this writing."

Appellant filed its answer and cross-petition asking that said mechanic's lien be established and foreclosed.

Appellees demurred on the ground that the statement for a lien shows that the title to the machinery was to remain in the appellant until paid for, and that thereby appellant took collateral security and for that reason is not entitled to a lien.

This demurrer was sustained January 24, 1894, and at the September term, 1894, appellant amended its answer and cross-petition by striking therefrom the following: "Title to this machinery to vest in you only on full compliance with the above terms and conditions."

Also the following: "It is agreed the engine, etc., above specified, shall remain our property until fully paid for in cash."

Appellant further amended by alleging in substance that its ntention and understanding was that Dutton was to purchase and take possession, control and title to the machinery on delivery; that it was mutually so understood between them, and that the above language stricken from the answer and cross-petition never constituted a part of the agreement, and was omitted to be stricken from said proposals and was left therein by a mutual mistake and oversight of appellant and said Dutton.

Plaintiff joined issue on these allegations and upon these issues the court found against the appellant and dismissed its cross-petition in so far as it asked that a mechanic's lien be established in its favor.

II. Appellant does not question that if the machinery was furnished upon the terms contained in the proposals it is not entitled to a mechanic's lien. The contention is that the provisions in the proposals as to the title to the machinery, are contrary to the intention and agreement of the parties and were permitted to remain in the proposals by mutual oversight and mistake.

The Defendant Dutton and J. M. Harris, agent of appellant, who submitted said proposals, were examined at length upon this issue. Most of their testimony thereon was objected to, and certainly much of it is objectionable as stating inferences and conclusions of the witnesses and upon other grounds, but we will not here consider these numerous objections in detail.

It is sufficient to say that we have no doubt but that these witnesses each intended to be understood as testifying that Dutton was to take title to the machinery on delivery and that the provisions to the contrary were allowed to remain therein by mutual oversight and mistake.

Mr. Harrington, secretary and treasurer of the appellant company, testified that it was his intention to deliver and give Dutton possession and title to the machinery.

Against this testimony as to the intention of the parties we have the facts and circumstances attending the transaction, and which, we think, fairly show that the intention was as expressed in the proposals.

Mr. Harris, as agent of the appellant, was engaged in soliciting orders for machinery, and for that purpose was provided with printed blanks, the same as used in this instance by the appellant. The form for proposals contained provisions as to title, under consideration. The supplement to that form of proposal, provided that "no agreement of salesmen or agents recognized unless specified in this order." This was notice to persons dealing with agents to require that all agreements made by them should be specified in the order. That form of supplement also provided that "security on machinery and insurance in our favor in amount deferred payments." This certainly indicates a purpose on part of appellant to have security on the machinery, and the proposals left no doubt that the way was by retaining title until the terms of the purchase were performed by the purchaser. In exhibit B, it is expressly provided that "there are no understandings or agreements outside of this written contract."

In filing its statement for mechanic's lien and in its answer and cross-petition asking that that lien be established and foreclosed, the appellant stood upon these instruments just as they were written and without any intimation of mistake or oversight.

It was not until several months after the ruling on the demurrer that appellant was first heard to even intimate that there was a mistake or omission in the writings under consideration.

We will not extend this opinion by noticing other facts and circumstances which, we think, tend to rebut appellant's contention. It is sufficient to say that after a careful consideration of the evidence as shown in the transcript, we think it fails to support appellants contention with that degree of certainty that is required to overcome the clearly expressed language of the writings.

For these reasons we conclude that there was no error in dismissing appellant's cross-petition in so far as it asked the establishment

and foreclosure of a mechanic's lien. This conclusion renders it unnecessary that we consider other questions discussed that would have followed an establishment of the lien.

The judgment and decree of the district court is AFFIRMED.